UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENTDRICK D. RATLIFF**  CIVIL ACTION

**VERSUS**  No. 24-2170

**LOUISIANA STATE, ET AL**  SECTION I

ORDER AND REASONS

*Pro se* plaintiff Kentdrick Ratliff ("plaintiff") commenced this action in Louisiana state court.[1] It was then removed by a defendant, the City of Hammond ("the City"), to this Court.[2] However, three months prior to removal, plaintiff filed a separate action in the U.S. District Court for the Middle District of Louisiana alleging the same set of facts and nearly identical legal theories.[3] Accordingly, the Court now dismisses the complaint in the above-captioned case pursuant to the first-to-file rule.

I. BACKGROUND

This case is one of two concurrent cases in separate federal district courts. On April 18, 2024, plaintiff commenced the instant action in the 21st Judicial District Court for the Parish of Tangipahoa by filing a complaint against the State of Louisiana and the City of Hammond, Louisiana, alleging, *inter alia*, breach of contract for failure to disburse funds from the "estate" of the City of Hammond.[4] Plaintiff did not serve this original complaint on the defendants.[5]

---

[1] R. Doc. No. 4-2.
[2] R. Doc. No. 4.
[3] M.D. La. Case No. 24-cv-440, R. Doc. No. 4.
[4] R. Doc. No. 4-2.
[5] R. Doc. No. 4, at 2.

On June 3, 2024, plaintiff commenced a separate action in the U.S. District Court for the Middle District of Louisiana by filing a complaint nearly identical to the complaint that plaintiff had filed in state court.[6] On July 3, 2024, plaintiff filed a motion[7] to "amend supplement petition", which the U.S. District Court for the Middle District of Louisiana granted.[8] Though not entirely clear, the amended complaint seems to relate to an incident plaintiff had with Hammond police in which he was allegedly kicked in the groin.[9] It cites an array of statutes and several U.S. Supreme Court cases.[10] It does not reference the causes of action asserted in the original complaint. Plaintiff has not amended or supplemented his amended complaint again. Therefore, this amended complaint remains the operative pleading in that case.

On July 16, 2024, plaintiff filed a nearly identical "motion to amend supplement petition" in the state court case.[11] In fact, even the caption on the motion lists the U.S. District Court for the Middle District of Louisiana, despite its being filed in the Tangipahoa Parish court.[12] The only difference between the amended complaint in the above-captioned case and the amended complaint in the case pending the U.S. District Court for the Middle District of Louisiana are handwritten citations of several federal statutes at the end of the conclusion section.[13] The

---

[6] M.D. La. Case No. 24-cv-440, R. Doc. No. 1.
[7] M.D. La. Case No. 24-cv-440, R. Doc. No. 4.
[8] M.D. La. Case No. 24-cv-440, R. Doc. No. 5.
[9] M.D. La. Case No. 24-cv-440, R. Doc. No. 4, at 4; R. Doc. No. 8-1, at 3.
[10] M.D. La. Case No. 24-cv-440, R. Doc. No. 4.
[11] R. Doc. No. 4-1.
[12] *Id.* at 1.
[13] *Compare id.* at 4, *with* M.D. La. Case No. 24-cv-440, R. Doc. No. 4, at 4.

2

amended complaint removed in the above-captioned case likewise remains the operative pleading in the instant action. While the case was still pending in state court, plaintiff served the amended complaint on the City.[14] He has failed to serve the State of Louisiana.[15]

On September 4, 2024, the City removed the state case to this Court pursuant to 28 U.S.C. § 1441.[16] It then filed a motion to dismiss, which is pending.[17] Plaintiff's first filed federal case in the U.S. District Court for the Middle District of Louisiana remains pending.

## II. STANDARD OF LAW

"[I]n situations where, as here, there exist two separately filed lawsuits pending in different courts, [the Fifth] [C]ircuit has recognized and applied . . . the first-filed rule." *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (per curiam) (internal quotations and citation omitted). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration." *Id.* Pursuant to the first-to-file rule, "a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-

---

[14] R. Doc. No. 4, at 2.
[15] *Id.*
[16] R. Doc. No. 4.
[17] R. Doc. No. 8.

3

filed action pending in another federal court." *Burger v. Am. Mar. Officers Union*, 170 F.3d 184 (5th Cir. 1999). The decision whether to apply the first-to-file rule rests in the discretion of the court. *See Cadle Co.*, 174 F.3d at 603 ("The first-to-file rule is a discretionary doctrine.").

Given the aim of the first-to-file rule to promote sound judicial administration, district courts are "free to raise the issue of the first-to-file rule *sua sponte*." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 258 n.1 (4th Cir. 2013). Other district courts in the Fifth Circuit have recognized the same and applied the rule *sua sponte. See, e.g., Meganathan v. Signal Int'l L.L.C.*, No. 1:13-CV-497, 2015 WL 13906343, at *2 (E.D. Tex. June 17, 2015) (stating that "[t]he application or propriety of transfer under the first-to-file rule may be raised *sua sponte*" and transferring certain claims after applying the first-to-file rule *sua sponte*); *S & B Eng'rs & Constructors, Ltd. v. Alstom Power, Inc.*, No. 04-CV-0150, 2004 WL 2360034, at *1 (N.D. Tex. Oct. 19, 2004) (raising and applying the first-to-file rule *sua sponte*).

### III.  ANALYSIS

The Court now exercises its discretion and applies the first-to-file rule *sua sponte*. First, the Court concludes that the first-to-file rule is applicable. The separate case pending in U.S. District Court for the Middle District of Louisiana was filed in that federal court before the instant action was removed to this Court. Further, the amended complaint in the case pending in the U.S. District Court for the Middle District of Louisiana was filed prior to the filing of the amended complaint in the

state case. In addition, the cases do not just "substantially overlap," *Cadle Co.*, 174 F.3d at 603, but they are, for all purposes, identical.

Second, the Court concludes that application of the first-to-file rule serves the policy of "sound judicial administration." *Id.* Plaintiff first filed amended complaint in the U.S. District Court for the Middle District of Louisiana. Dismissal is thus warranted "to avoid duplicative litigation" in this Court. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the amended complaint is **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to proceed in the related case pending in the U.S. District Court for the Middle District of Louisiana.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **DENIED AS MOOT**.

New Orleans, Louisiana, September 27, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**